

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   6/30/2026

E. DANYA PERRY
Founding Partner
212-840-7939 PHONE
dperry@danyaperrylaw.com EMAIL

June 26, 2026

**MEMO ENDORSED**

**By ECF**
Honorable Valerie E. Caproni
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *United States v. Curtis Williams*, Case No. 24 CR 696 (VEC)

Dear Judge Caproni,

We represent Curtis Williams in this matter. We write to respectfully request limited redactions to the electronic transcript of the sentencing hearing held on May 18, 2026.

Under Individual Rule 3(A)(i), a party seeking redaction must request permission to do so. More specifically, the party must "[f]ile a letter on ECF that (a) requests the redaction or sealing; (b) indicates whether the party's adversary consents to the redactions or sealing; and (c) explains why redactions or sealing are appropriate, in light of the presumption to access to the federal courts."

The transcript contains detailed references to Mr. Williams' past history of trauma, diagnoses, and treatment information. Specifically, the proposed redactions are limited to confidential, sensitive, medical information, in conformity with prior redactions Williams sought in his sentencing submission and which this Court granted. *See* ECF No. 61. The remainder of the sentencing transcript will remain publicly accessible. Upon filing this motion, we will email to Your Honor's chambers the redaction request to be submitted to the court reporter, specifying the text sought to be redacted. The government has no objection to this request.

We respectfully submit that such redactions are appropriate to protect sensitive, confidential, and medical diagnosis-related information, that such redactions are consistent with Fed. R. Crim. P. 49.1(a), and that such redactions will not limit the ability of the public to understand the issues or outcome presented in the sentencing transcript.

Thank you for your consideration of this request.

Respectfully submitted,

*/s/ E. Danya Perry*
E. Danya Perry

cc: All Counsel of Record (by ECF)
    Amy Walker, Court Reporter (via email)

Application DENIED without prejudice to renewal.  The sentencing transcript in this case is a "judicial document[]" to which the common law right of public access attaches. *United States v. Akhavan*, 532 F. Supp. 32 181, 184 (S.D.N.Y. 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)).  The right of public access applies to documents that are relevant to the performance of the judicial function, including, *e.g.*, documents related to the Court's imposition of a criminal sentence on a defendant.  *See United States v. Greenwood*, 145 F.4th 248, 254–55 (2d Cir. 2025) ("Sentencing proceedings and their outcome are 'of paramount importance' not only to the criminal defendant, but also to members of the public, including the defendant's friends and family, victims of crimes, and members of the community where the crime occurred.").  Because Defendant's proposed redactions would obscure critical aspects of the Court's rationale for Defendant's sentence, the redactions are not appropriate.

This denial is without prejudice.  If Defendant would like to renew his application and propose different redactions, he may.  Any such application must, however, explain how the proposed redactions comport with controlling Second Circuit law.

SO ORDERED.

6/30/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

2